UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

COR CLEARING, LLC,

                                          Plaintiff,

                                      -against-

                                                                                      **COMPLAINT**

FIRST STANDARD FINANCIAL CO., LLC,

                                          Defendant.

------------------------------------------------------------------------x

       Plaintiff COR Clearing, LLC (hereinafter "COR" or "Plaintiff"), by and through its attorneys, Anderson Kill, P.C., at all times relevant, alleges upon personal knowledge except where indicated, as follows:

**STATEMENT OF THE CASE AND SUMMARY OF THE RELIEF REQUESTED**

       1.      COR brings this action to vindicate its rights after Defendant First Standard Financial Co., LLC (hereinafter "First Standard" or "Defendant") willfully breached the seven-year exclusive clearing agreement into which the parties had entered. COR seeks an award of compensatory damages stemming from that breach including the total value of the fees that would have accrued to COR over the agreement's initial seven-year term, or in the alternative liquidated damages payable for early termination under the terms of the agreement.

       2.      COR alleges, in the alternative, that First Standard breached the covenant of good faith and fair dealing inherent in all contracts by entering into the seven-year exclusive clearing agreement never intending to abide by its terms and merely using it for leverage

nydocs1-1083543.8

with its out-going clearing broker in order to force that out-going broker to offer different and better terms to First Standard.  COR requests that as a result of First Standard's breach of the agreement that it be awarded compensatory damages stemming from that breach including the total value of the fees that would have accrued to COR over the agreement's initial seven-year term, or in the alternative liquidated damages payable for early termination under the terms of the agreement.

3.      As a separate cause of action, COR also brings this action for conversion of certain COR-owned equipment lent to First Standard in order to facilitate First Standard's compliance with the terms of the FDCA.  When First Standard repudiated its obligations under the FDCA it neither returned that equipment nor paid COR for the value of that equipment, and such equipment improperly remains in First Standard's possession.  COR requests the return of the equipment or a money judgment in its favor against First Standard for the full value of that equipment, or if the equipment is returned then a money judgment sufficient to compensate COR for the time it was deprived of the use and enjoyment of its property.

**PARTIES**

4.      COR is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Omaha, Nebraska.  COR is a full-service independent securities clearing firm servicing retail and online broker dealers and registered investment advisers.

5.      Defendant First Standard Financial Company, LLC (hereinafter "Defendant" or "First Standard") is a limited liability company organized under the laws of the State of New York with its principal place of business at 40 Wall Street, 28th Floor, New York, NY 10005.

First Standard is an independent securities broker dealer, and requires the services of a clearing broker with respect to the accounts of its customers.

## JURISDICATION AND VENUE

6. Plaintiff brings its complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is properly placed in the Southern District of New York under 28 U.S.C. 1391(a), as the Defendant's principal place of business is in the Southern District of New York.

8. Moreover, the Fully Disclosed Clearing Agreement, which the parties entered into on December 1, 2016 (hereinafter the "FDCA", a true and correct copy of which is attached hereto as Exhibit A), and the breach of which is the subject of this lawsuit, contains a forum selection clause as to which the parties: "IRREVOCABLY CONSENT AND SUBMIT TO THE EXCLUSIVE JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK IN CONNECTION WITH ANY DISPUTE OR CONTROVERSY BETWEEN . . . [THE PARTIES] RELATING TO OR ARISING OUT OF OR RELATED IN ANY WAY TO THIS AGREEMENT, AND WAIVE ANY OBJECTION TO VENUE IN SUCH DISTRICT." (Ex. A at § 11.1 (emphasis in original)).

## FACTS COMMON TO ALL COUNTS

9. In the fall of 2016, First Standard advised COR that its current clearing relationship with its clearing broker, Hilltop Securities, Inc. ("Hilltop"), was due to expire and that First Standard was not going to renew its relationship with Hilltop upon expiration. First Standard further advised that it needed to have a new clearing broker to replace Hilltop

and entered into negotiations with COR to replace Hilltop, with whom First Standard claimed a continued relationship was untenable.

10. On or about December 1, 2016, the parties entered into the FDCA (Ex. A).

11. The FDCA became effective as of December 1, 2016 when the parties signed the FDCA. COR also notified FINRA of the clearing arrangement pursuant to FINRA rules, including providing FINRA a copy of the FDCA, and FINRA stated that it "approves the use of the attached clearing arrangement between COR Clearing LLC & First Standard Financial Company LLC."

12. Under the FDCA and subject to its terms and conditions, COR would provide to First Standard, and obtain fees and other revenues from the provision of, *inter alia*, the following services with respect to the accounts of First Standards' introduced customers and proprietary accounts: executing, clearing and settling securities transactions on behalf of First Standard; preparing and delivering confirmations of securities transactions and periodic account statements to First Standard's account holders on behalf of First Standard; extending margin credit on behalf of First Standard to First Standard introduced accounts; performing cashiering functions on behalf of First Standard, including, but not limited to, receiving and delivering checks, funds and securities and collecting commissions and other fees of First Standard; safeguarding on behalf of First Standard the funds and securities in the First Standard introduced accounts; and maintaining the books and records on behalf of First Standard with respect to First Standard introduced accounts (Ex. A).

13. The FDCA provided that the clearing relationship between COR and First Standard would be exclusive and that as a result First Standard would "not be permitted to

engage in additional securities clearing relationships without the prior written consent of [COR]" (Ex. A at § 10.1(c)).

14. In exchange for the services it was to provide to First Standard, COR was to be entitled, *inter alia*, to the fees for such services as set forth in the Fee Schedule, attached to the FDCA as Schedule A, in an amount not less than a stated monthly minimum (the "Monthly Minimum").[1] The Monthly Minimum was intended to induce COR to enter into the FDCA with First Standard, and ensure that COR's costs were covered in extending its services to First Standard under the FDCA, but the overall fees that were to be generated by First Standard's clearing activities were calculated to be far in excess of the Monthly Minimum. If not for First Standard's breach of the FDCA, COR would have been entitled to exclusive fees based on First Standard's securities clearing activities for a seven-year period.

15. Due to the exclusive nature of the FDCA and incidental to providing services thereunder to First Standard and its customers, COR would have obtained custody to all of First Standard's firm and customer assets, from which COR would have derived additional significant revenues, as is customary in the brokerage industry.

16. In addition, the FDCA also includes a clause, as an alternative measure of damages in the event of early termination, that provides that if First Standard terminated the FDCA, then First Standard would be required to pay certain fees to COR as a result thereof, which would include, but not be limited to, the following components: a termination fee as liquidated damages consisting of the monthly fees due on the remaining term of the FDCA (for purposes of calculation of the termination fee for the monthly fee for the remaining

---

[1] The Fee Schedule is subject to the confidentiality provisions of the FDCA, and so COR is not attaching a copy of the Fee Schedule to this complaint and thereby making it part of the public record. COR will produce a copy of the Fee Schedule in this matter upon the entry of an appropriate protective order entered between the parties and so-ordered by this Court (it should be noted that First Standard is already in possession of its copy of the Fee Schedule).

months would be the greater of the Monthly Minimum or the average of the monthly fees incurred in the 12 months preceding the breach of the FDCA by First Standard); the expenses incurred by COR in connection with transferring, converting or closing First Standard's introduced accounts; and 125% of the Fee Schedule (including the Monthly Minimum) from the time between the termination notice and the Termination Date or the completion of the transfer out of First Standard's introduced customers and accounts, whichever comes first (Ex. A at § 10.7).

17. THE FDCA also includes a clause permitting the recovery of attorney's fees expended in attempting to enforce the FDCA:

> Each party shall indemnify and hold harmless the other . . . from and against . . . expenses (including reasonable attorney and accountant fees) . . . arising out of or resulting from any actual or alleged breach of this Agreement, the enforcement of this Agreement, or any failure or omission to carry out any duties or obligations under this Agreement

(Ex. A at § 9.1).

18. The FDCA includes a clause which provides:

> This Agreement shall be governed by and construed in accordance with the laws applicable to contracts made and to be performed within the State of New York.
>
> FOR THE AVOIDANCE OF DOUBT, THE CONSTRUCTION AND EFFECT OF THE EVERY PROVISIION OF THIS AGREEMENT, THE RIGHTS OF THE PARTIES HEREUNDER, AND ANY AMENDMENT, SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICT OF LAW PRINCIPLES THEREOF.

(Ex. A at § 12.1) (Emphasis in original).

19. Beginning in December 2016 and through early February 2017, COR began to expend significant firm resources towards converting First Standard's accounts from Hilltop; to approve First Standard to open new accounts with COR; and to arrange for the other

services which they were to provide to Fist Standard under the FDCA, all in reliance on First Standard's entry into the FDCA.

20. As part of the process of allowing the conversion, and transfer of accounts COR provided to First Standard physical equipment to allow First Standard to send the necessary information to COR, the equipment consisted of four check scanners with a value of $1,077.00. These scanners were COR's property and were only provided to First Standard for the duration of the FDCA.

21. Beginning in late January 2017 and into February 2017, First Standard failed to take the necessary measures under the FDCA which it was required to perform, including failing to provide COR with the necessary information and communications required to begin the conversion of its accounts to COR.

22. In late January and early February 2017, First Standard personnel, including Chief Operating Officer John McCormack, indicated both orally and in writing that First Standard did not intend to honor its obligations under the FDCA. This breach of the FDCA was willful and without cause.

23. On February 13, 2017, First Standard's Chief Executive Officer, Carmine Berardi, advised representatives of COR that First Standard would not be complying with its obligations under the FDCA, and that First Standard was breaching the FDCA for reasons completely outside of the terms of the contract. First Standard's breach was wholly self-serving and was otherwise unjustified.

24. Berardi further advised, in words or substance, that rather than complying with First Standard's obligations under the FDCA that First Standard would be continuing forward with Hilltop as its clearing broker.

7

25. COR wrote to First Standard advising First Standard that it was in breach of its obligations under the FDCA, and providing First Standard with an opportunity to cure that breach.

26. Upon information and belief, First Standard ignored the written notice of default provided by COR, and has not responded to that letter or made any attempts to cure its breaches.

27. Upon information and belief, First Standard used the signed FDCA as a point of negotiation with Hilltop in order to get concessions from Hilltop as to its rates and/or services, and when it had secured concessions from Hilltop intentionally breached the FDCA as it had planned to do from the start.

28. After advising that First Standard was breaching the FDCA and, was not going to comply with its obligations thereunder, First Standard neither returned the check scanners nor paid COR for the value of that equipment. Given that First Standard has ceased meaningfully responding to all of COR's attempts at communications, First Standard was fully aware that it was only to be in possession of COR's equipment during the term of the FDCA, and First Standard has breached the FDCA and unilaterally repudiated its obligations under the agreement and has refused to cure that breach, any demand by COR that First Standard return the scanners is unnecessary and would be futile.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

29. Plaintiff repeats and realleges paragraphs 1-28 as if set forth herein.

30. A contract, the FDCA, was entered into between COR and First Standard on December 1, 2016.

31. First Standard intentionally failed to fulfill its obligations under the FDCA, and as a result has breached the FDCA.

32. COR was in the process of performing its obligations under the FDCA, and stood ready to perform all of its obligations under the FDCA, but for First Standard's breach of the FDCA.

33. As a result of First Standard's breach of the FDCA, COR has been damaged.

34. COR has been damaged, in an amount to be proven at trial but not less than the amount of lost fees which would have been due to COR if First Standard had not breached the FDCA, an amount believed to be not less than $3,809,043.00; or in the alternative the termination fee for early termination, the expenses incurred in the process of transferring and/or converting and preparing to transfer and/or convert First Standard's accounts, all other expenses incurred by COR as a result of complying with its obligations under the FDCA, 125% of the Fee Schedule (including Monthly Minimums), and all other and further compensatory damages flowing naturally from First Standard's breach of the FDCA. In addition to the foregoing compensatory damages, COR is due interest on those compensatory damages plus, costs, and attorney's fees.

## SECOND CAUSE OF ACTION
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
## (IN THE ALTERNATIVE)

35. Plaintiff repeats and realleges paragraphs 1-28 as if fully set forth herein.

36. Defendants had a duty in good faith and fair dealing to permit COR the opportunity to fulfill the various terms and conditions set forth in the FDCA, including a fair and reasonable opportunity to complete the initial 84 month term of the FDCA.

nydocs1-1083543.8

37. Upon information and belief, First Standard entered into the FDCA with COR, in order to use it as leverage in its negotiations of an extension of its contract with Hilltop, and as a way to get concessions from Hilltop as to fees and services provided under that extended agreement with Hilltop.

38. Upon information and belief, despite entering into the FDCA with COR, and having COR commence services to fulfill its obligations under the FDCA, First Standard never intended to honor its obligations under the FDCA and did not do so.

39. By entering into the FDCA with COR, allowing COR to commence satisfying its obligations under the FDCA, and thereafter unilaterally without justification advising COR on or about February 13, 2017 that First Standard would not be honoring its obligations under the FDCA, First Standard unreasonably, wrongfully and in bad faith deprived COR of the opportunity to fulfill the terms and conditions required of it under the FDCA, and deprived COR of the fruits and benefits of the FDCA.

40. Defendant's repudiation of its obligations to COR and its, upon information and belief, intentional entry into the FDCA solely to use it to leverage a better deal from Hilltop, and thereupon repudiate the terms of the FDCA were wrongful, unjustified and violated Defendant's obligations of good faith and fair dealing, thereby materially breaching the contract obligations of Defendant to COR.

41. As a result of such breach by First Standard, COR sustained and will continue to sustain substantial damages in an amount to be determined at trial but in any event which COR estimates to be no less than $3,809,043, plus interest.

### THIRD CAUSE OF ACTION
### CONVERSION

42. Plaintiff repeats and realleges paragraphs 1-28 as if set forth herein.

43. COR is the rightful owner of four check scanners provided to First Standard for its use during the term of the FDCA.

44. COR delivered those check scanners to First Standard for its use during the term of the FDCA.

45. On or about February 13, 2017, First Standard repudiated and breached the FDCA and advised that it would not comply with its obligations thereunder.

46. First Standard has kept COR's check scanners, has not paid COR for the use or retention of those check scanners, and has converted COR's check scanners. Given that First Standard knew it was to keep the scanners only for the duration of the FDCA, that First Standard unilaterally breached the FDCA, and that First Standard has ceased meaningfully responding to communications from COR, any demand by COR that First Standard return the check scanners is unnecessary and would be futile.

47. By reason of First Standard's conversion of the check scanners, COR has been damaged by First Standard in an amount equal to the value of those check scanners; and if the check scanners are required to be returned to COR then COR has been damaged in an amount sufficient to compensate it for the loss of the use and enjoyment of its property while it was improperly in the possession of First Standard.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff COR Clearing, LLC respectfully requests that this Court enter judgment against Defendant as follows:

a. As to the First Cause of Action, declaring that Defendant has breached the FDCA and as a result of that breach finding that COR is entitled to money damages in an amount to be determined at trial but in any event no less than $3,809,043.00; or in the

alternative the amount of termination fee, the expenses incurred in the process of transferring and/or converting and preparing to transfer and/or convert First Standard's accounts, all other expenses incurred by COR as a result of complying with its obligations under the FDCA, 125% of the Fee Schedule (including Monthly Minimums), and all other and further compensatory damages flowing naturally from First Standard's breach of the FDCA; and in addition to the foregoing, interest on COR's compensatory damages plus, costs, and attorney's fees; or

    b.    As to the Second Cause of Action, declaring in the alternative that Defendant has breached the covenant of good faith and fair dealing in the FDCA and that as a result of that breach finding that COR is entitled to money damages in an amount to be determined at trial but in any event no less than $3,809,043.00 plus interest, costs, and attorney's fees; or

    c.    As to the Third Cause of Action, requiring First Standard to return the check scanners in proper working order to COR and awarding money damages sufficient to compensate COR for the time that it was deprived of the use and enjoyment of its property, or awarding COR money damages in an amount equal to the value of the check scanners, plus interest; and

    d.    All such other and further relief as to the Court seems just equitable and proper under the circumstances.

Dated: New York, New York  
March 27, 2017

ANDERSON KILL P.C.

By: _____  
Jeremy E. Deutsch  
Christian V. Cangiano  

1251 Avenue of the Americas  
New York, NY 10020  
Telephone: 212-278-1000