UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
COR CLEARING, LLC,

                Plaintiff,                          Case No.: 1:17-cv-02190 (PAE)

                -against-

FIRST STANDARD FINANCIAL CO., LLC,        **ANSWER AND AFFIRMATIVE DEFENSE**

                Defendant.
-------------------------------------------------------------------X

        Defendant First Standard Financial Co., LLC ("Defendant"), by its attorneys, Eaton & Van Winkle LLP, as and for its Answer to the First Amended Complaint ("Complaint") filed in the case above-captioned by plaintiff COR Clearing, LLC ("Plaintiff" or "COR") answers and alleges, as follows:

## RESPONSES TO ALLEGATIONS AS TO STATEMENT OF THE CASE AND SUMMARY OF RELIEF REQUESTED

        1.     Defendant states that the allegations of Paragraph 1 of the Complaint set forth legal conclusions as to which no response is required. To the extent any response is required, Defendant admits that Defendant and Plaintiff entered into a clearing agreement but, except as expressly admitted in the foregoing part of this sentence, Defendant denies all other allegations in Paragraph 1 of the Complaint including allegations of a willful breach and refers all questions of law and legal conclusions to the Court for a determination thereof.

        2.     Defendant states that the allegations of Paragraph 2 of the Complaint set forth legal conclusions as to which no response is required. To the extent any response is required, Defendant admits that Defendant and Plaintiff entered into a clearing agreement but, except as expressly admitted in the foregoing part of this sentence, Defendant denies all other allegations

in Paragraph 2 of the Complaint including allegations of the breach of the covenant of good faith and fair dealings, and refers all questions of law and legal conclusions to the Court for a determination thereof.

3. Defendant states that the allegations of Paragraph 3 of the Complaint set forth legal conclusions as to which no response is required. To the extent any response is required, Defendant denies the allegations of Paragraph 3 claiming all conversion of COR equipment of the Complaint and refers all questions of law and legal conclusions to the Court for a determination thereof. Defendant further states that such equipment was returned to Plaintiff's counsel after providing notice of its intention to return such equipment.

### RESPONSES TO ALLEGATIONS AS TO PARTIES

4. Defendant admits so much of the allegations of Paragraph 4 of the Complaint, on information and belief, that Plaintiff is a limited liability company organized under the laws of Delaware with its principal place of business in Omaha, Nebraska, except that Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiff's activities.

5. Defendant admits the allegations of Paragraph 5 of the Complaint.

### RESPONSES TO ALLEGATIONS AS TO JURISDICTION AND VENUE

6. Defendant states that the allegations of Paragraph 6 of the Complaint set forth legal conclusions as to which no response is required. To the extent that any response is required, Defendant:

    a. admits that, on information and belief, COR is a limited liability company organized under the laws of the State of Delaware with its principal place of

business in Omaha, Nebraska but denies knowledge or information sufficient to form a belief as to the truth or falsity of allegations pertaining to who COR's sole member is.

    b. admits that First Standard is a limited liability company organized under the laws of the State of New York with its principal place of business in New York, New York and that its sole member is Carl Standard & Co. Holdings LLC ("Carl Standard"). Defendant further admits that Carl Standard is a limited liability company organized under the laws of the State of New York with its principal place of business in Staten Island New York, and that Carl Standard's sole member is Carmine Berardi, a citizen of the State of New York.

   7. Defendant states that the allegations of Paragraph 7 of the Complaint set forth legal conclusions as to which no response is required. To the extent that any response is required, Defendant admits that its principal place of business is in the Southern District of New York, and Defendant further refers all questions of law to the Court for a determination thereof.

   8. Defendant states that the allegations of Paragraph 8 of the Complaint set forth legal conclusions as to which no response is required. To the extent that any response is required, Defendant admits that on December 1, 2016, the parties entered into the clearing agreement attached to the Plaintiff's Complaint as Exhibit A (the "Clearing Agreement" or the "FDCA") and that the Clearing Agreement contains the capitalized words reproduced in Paragraph 8 of the Complaint "IRREVOCABLY CONSENT AND SUBMIT TO THE EXCLUSIVE JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK IN CONNECTION WITH ANY DISPUTE OR CONTROVERSY BETWEEN ... RELATING TO OR ARISING OUT OF OR RELATED IN

ANYWAY TO THIS AGREEMENT, AND WAIVE ANY OBJECTION TO VENUE IN SUCH DISTRICT."  Except as expressly admitted in the foregoing part of this sentence, Defendant denies the allegations of Paragraph 8 of the Complaint, and Defendant further refers all questions of law to the Court for a determination thereof.

### RESPONSES TO ALLEGATIONS AS TO FACTS COMMON TO ALL COUNTS

9. Defendant denies the allegations of Paragraph 9 of the Complaint, but admits that in the fall of 2016, Defendant advised COR that its current clearing relationship with its clearing broker, Hilltop Securities, Inc. ("Hilltop"), was expiring and entered into negotiations with COR's representatives concerning a new cleaning broker.

10. Defendant admits the allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint that the FDCA became effective on December 1, 2016.  Defendant admits that the parties signed the FDCA and that COR notified FINRA of the clearing arrangement, except that Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of allegations pertaining to what Plaintiff allegedly recognized or did not recognize concerning FINRA's alleged "approval".

12. Defendant admits that the allegations of Paragraph 12 of the Complaint describe the services to be provided to Defendant, after certain preliminary steps were completed, but denies that COR actually performed any cleaning services for Defendant.

13. Defendant admits so much of the allegations of Paragraph 13 of the Complaint as allege that the FDCA provides that Defendant would "not be permitted to engage in additional securities clearing relationships without the prior written consent of [COR]", but, except as expressly admitted in the foregoing part of this sentence, Defendant denies the allegations of

Paragraph 13 of the Complaint because Plaintiff did not actually perform any cleaning services for Defendant.

14. Defendant admits so much of the allegations of Paragraph 14 of the Complaint as allege that COR was to be entitled to the fees for services as set forth in the Fee Schedule, attached to the FDCA as Schedule A, in an amount not less than a stated monthly minimum (the "Monthly Minimum"), but, except as expressly admitted in the foregoing part of this sentence, Defendant denies the allegations of Paragraph 14 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth or falsity of allegations pertaining to what Plaintiff allegedly wanted to ensure with the Monthly Minimum, and further denies that COR performed any services under the agreement.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint, and Defendant denies that Plaintiff would have obtained custody to all of Defendant's firm and customers' assets without the affirmative action of Defendant to provide such information, which it did not do.

16. Defendant states that part of the allegations of Paragraph 16 of the Complaint set forth legal conclusions as to which no response is required. To the extent any response is required, Defendant admits the FDCA includes several clauses that Plaintiff appears to summarize without citation of the exact clauses of the agreement, and that COR' agreement contains multiple measures of damages available to it. Except as expressly admitted in the foregoing part of this sentence, Defendant denies all other allegations in Paragraph 16 of the Complaint and refers all question of law to the Court for a determination thereof.

17. Defendant admits the allegations of Paragraph 17 of the Complaint that the agreement contained a clause permitting recovery of attorneys' fees, and other matters, and that such provision was mutual.

18. Defendant admits the allegations of Paragraph 18 of the Complaint that appears to cite an unspecified paragraph of the agreement.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19 of the Complaint, and states further that COR's alleged "reliance" was misplaced and erroneous.

20. Defendant admits the allegations of Paragraph 20 of the Complaint except states that such scanners were returned to Plaintiff's counsel without being used by Defendant, and that the failure to complete such process prevented COR from performing any cleaning services. All four scanners were returned "empty" and were accepted by counsel for COR.

21. Defendant denies the allegations of Paragraph 21 of the Complaint, but admits that Defendant was aware that COR did not begin the conversion of any accounts to COR.

22. Defendant states that the allegations of Paragraph 22 of the Complaint set forth legal conclusions as to which no response is required. To the extent any response is required, Defendant admits so much of the allegations of Paragraph 22 of the Complaint as allege that in late January and early February 2017, Defendant's personal, including its Chief Operating Officer John McCormack, communicated with Plaintiff both orally and in writing regarding the FDCA, but, except as expressly admitted in the foregoing part of this sentence, Defendant denies the allegations of Paragraph 22 of the Complaint that Defendant was willfully and without cause breaching the agreement, and refers all questions of law to the Court for a determination thereof.

23. Defendant states that the allegations of Paragraph 23 of the Complaint set forth legal conclusions as to which no response is required. To the extent any response is required, Defendant admits so much of the allegations of Paragraph 23 of the Complaint as allege that on February 13, 2017, Defendant's Chief Executive Office, Carmine Berardi, communicated with COR regarding the FDCA, but, except as expressly admitted in the foregoing part of this sentence, Defendant denies the allegations of Paragraph 23 of the Complaint that Defendant was breaching the agreement, and refers all question of law to the Court for a determination thereof.

24. Defendant admits so much of the allegations of Paragraph 24 of the Complaint as allege that Carmine Berardi advised COR that Defendant would be continuing forward with Hilltop as its clearing broker.

25. Defendant admits the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

## AS AND FOR ANSWER TO FIRST CLAIM

29. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 28 as if fully set forth herein.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 32 of the Complaint, and states further that COR

could not perform any of its obligations under the agreement without Defendant's active participation.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

## AS AND FOR ANSWER TO SECOND CLAIM

35. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 34 as if fully set forth herein.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 37 of the Complaint.

## AS AND FOR ANSWER TO THIRD CLAIM

42. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 41 as if fully set forth herein.

43. Defendant admits the allegations of Paragraph 43 of the Complaint.

44. Defendant admits the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant admits so much of the allegations of Paragraph 46 of the Complaint as allege that Defendant knew it was to keep the scanners only for the duration of the FDCA, but, except as expressly admitted in the foregoing part of this sentence, Defendant denies the

allegations of Paragraph 46 of the Complaint, and admits that it has returned all such equipment to COR's counsel.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

## GENERAL DENIAL

48. To the extent that the Defendant did not expressly admit, deny, or denies knowledge or information sufficient to form a belief as to truth or falsity with respect to any remaining allegations in Plaintiff's Complaint, the Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of each such remaining allegation(s) of the Complaint..

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

49. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 48 as if fully set forth herein.

50. Each of the claims asserted by Plaintiff fails to state a claim upon which relief can be granted and should therefore be dismissed.

### Second Affirmative Defense

51. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 50 as if fully set forth herein.

52. The Second Cause of Action for breach of covenant of good faith and fair dealing is redundant of the breach of contract claim made by Plaintiff under its First Cause of Action and, thus, fails to state a cause of action.

### Third Affirmative Defense

53. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 52 as if fully set forth herein.

54. At all relevant times, Defendant acted in good faith and in a commercially reasonable manner and did not engage in any negligent or other culpable conduct.

### Fourth Affirmative Defense

55. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 54 as if fully set forth herein.

56. Plaintiff is barred from recovering any relief based upon its First and Second Causes of Action because it violated the implied covenant of good faith and fair dealing, and Plaintiff's First and Second Causes of Action should therefore be dismissed.

### Fifth Affirmative Defense

57. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 56 as if fully set forth herein.

58. Each of the claims asserted by Plaintiff should be dismissed, in whole or in part, pursuant to the doctrines of unclean hands and estoppel.

### Sixth Affirmative Defense

59. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 58 as if fully set forth herein.

60. Each of the claims asserted by Plaintiff should be dismissed, in whole or in part, pursuant to the doctrine of waiver.

### Seventh Affirmative Defense

61. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 60 as if fully set forth herein.

62. Plaintiff is barred from recovering any relief based upon its First and Second Causes of Action due to its performance reasonably unsatisfactory to Defendant.

### Eighth Affirmative Defense

63. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 62 as if fully set forth herein.

64. Plaintiff is barred from recovering any relief based upon its First Cause of Action because it relies on unconscionable and oppressive provisions in the agreement, and Plaintiff's First Cause of Action should therefore be dismissed.

### Ninth Affirmative Defense

65. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 64 as if fully set forth herein.

66. Plaintiff is barred from recovering any relief based upon its First Cause of Action because it relies on provisions the enforcement of which is against public policy, such as the imposition of penalties or forfeitures for which there is no statutory authority.

### Tenth Affirmative Defense

67. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 66 as if fully set forth herein.

68. Each of the claims asserted by Plaintiff should be dismissed, in whole or in part, because Plaintiff has suffered no damages as a result of the matters alleged in the Complaint.

—

## Eleventh Affirmative Defense

69. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 68 as if fully set forth herein.

70. Plaintiff is barred from recovering any relief based upon its First and Second Causes of Action because the Clearing Agreement was ineffective absent the approval of the relevant regulators.

## Twelfth Affirmative Defense

71. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 70 as if fully set forth herein.

72. Plaintiff is barred from recovering any relief based upon its First and Second Causes of Action because any of the alleged obligations of Defendant under the Clearing Agreement was impossible to perform due to circumstances beyond Defendant's reasonable control including but not limited to directions of regulatory authorities.

## Thirteenth Affirmative Defense

73. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 72 as if fully set forth herein.

74. Plaintiff failed to mitigate, minimize or avoid any alleged damages, and, to the extent the Plaintiff is entitled to any recovery whatsoever, which is denied, then the same must be adjusted to account for such failure by Plaintiff.

## Fourteenth Affirmative Defense

75. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 74 as if fully set forth herein.

12

76. Plaintiff is barred from recovering any relief based upon its Third Cause of Action because subsequent to the commencement of this action, Defendant returned the four check scanners described in Paragraph 43 of the Complaint (the "Scanners") to Plaintiff's counsel, and Plaintiff, upon information and belief, on that day, took possession of the Scanners and has since remained in possession thereof, and Plaintiff's Third Cause of Action should therefore be dismissed, with prejudice.

### Fifteenth Affirmative Defense

77. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 76, as if fully set forth herein.

78. Plaintiff's damages are readily ascertainable, not difficult to quantify and the amounts being sought by Plaintiff are not a reasonable estimate of its potential damages, but are in fact conspicuously disproportionate to its foreseeable losses as an experienced clearing firm.

### Sixteenth Affirmative Defense

79. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 78, as if fully set forth herein.

80. Plaintiff's agreement contains an unenforceable penalty provision.

### Seventeenth Affirmative Defense

81. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 80, as if fully set forth herein.

82. Plaintiff's agreement fails to contain a stipulated amount of liquidated damages, and the amount of damages being claimed is out of proportion to any possible actual damages incurred by Plaintiff.

### Eighteenth Affirmative Defense

83. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 82, as if fully set forth herein.

84. Plaintiff's agreement remedies provisions constitute an unlawful "penalty".

### Nineteenth Affirmative Defense

85. Defendant repeats and realleges each answer set forth in Paragraphs 1 through 84, as if fully set forth herein.

86. Plaintiff's agreement contains a multitude of remedies, in addition to liquidated claims, which prevents Plaintiff's election to choose between liquidated and actual damages, because such remedies are mutually exclusive.

**WHEREFORE**, for all the reasons set forth in its Answer Defendant, respectfully submits that the Court should:

1. Dismiss COR's claims, in their entirety and with prejudice, and grant judgment in favor of Defendant on the same;

2. Award the Defendant attorneys' fees, together with the costs and disbursements of this action, and grant such other and further relief as the Court may deem just and equitable under the circumstances.

Dated: May 31, 2017
      New York, New York

                        Respectfully submitted,

                        EATON & VAN WINKLE LLP

                        By: /s/ P. Lieberman
                            Paul A. Lieberman

                        3 Park Avenue, 16th Floor
                        New York, New York 10016
                        (212) 779-9910
                        plieberman@evw.com
                        *Attorney for Defendant*
                        *First Standard Financial Co., LLC*

**CERTIFICATION OF SERVICE**

I hereby certify that on this 31st day of May, 2017, I caused to be filed and served within the time period allowed under Rule 4:6, upon the Clerk of the United States District Court, Southern District of New York, by electronic filing ("ECF") and Federal Express, an original and one copy of Defendant First Standard Financial Co., LLC's Answer and Affirmative Defenses to the First Amended Complaint, and an additional copy thereof was mailed by U.S. Mail to:

>   Jeremy E. Deutsch
>   Christian V. Cangiano
>   Anderson Kill P.C.
>   1251 Avenue of the Americas
>   New York, NY  10020

/s/ Lieberman
PAUL A. LIEBERMAN