# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733

Christian V. Cangiano, Esq.
ccangiano@andersonkill.com
212-278-1174

***VIA ECF***                                                                April 9, 2018

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court for the Southern District of NY
Thurgood Marshall United States Court
40 Foley Square - Court Room 1305
New York, NY 10007

        Re:    COR Clearing, LLC v. First Standard Financial Co., LLC
              Case No.: 17 CIV. 02190 (PAE)

Dear Judge Engelmayer:

      We are counsel for Plaintiff COR Clearing Corporation ("COR") and we write to seek the Court's assistance and intervention regarding discovery issues which have arisen in the above-captioned matter. Specifically, COR requests that the Court assist in ordering dates certain upon which the depositions of certain officers and/or employees of Defendant First Standard Financial Company, LLC shall take place, a date certain upon which Defendant's must serve any expert report that it intends to serve, if any, a date certain upon which Defendant's expert, if any, must be deposed, ordering that the failure of Defendant to comply with the aforesaid schedule shall result in the issuance of adverse inferences against the Defendant at the ultimate trial of this matter and/or the striking of Defendant's answer and defenses (Dkt. # 15).

      As the Court may be aware, deposition and fact discovery in this matter were originally scheduled to end on 1/31/2018, and Expert Discovery was due to end on 3/19/2018 (Dkt. # 21). On January 9, 2018, Defendant's counsel moved this Court to extend the deadlines by 60 days based upon his change of firms and to allow FINRA the time which it requested in order to comply with the subpoena *duces tecum* previously served upon it (Dkt. # 26). COR consented to the relief requested in the motion as a matter of good faith and professional courtesy and because it made no sense to take the depositions of Defendant's officers and employees prior to the production of documents from FINRA, as Defendant has asserted the existence of a FINRA directive as one of its primary defenses to Plaintiff's claims of breach of contract (*see* Dkt #19 at pg. 2). The Court granted Defendant the relief requested and the deadline for fact and deposition discovery was adjourned to March 30, 2018 whereas the deadline for expert discovery was adjourned to May 14, 2018, and a case management conference was adjourned to May 4, 2018.

      On February 14, 2018, COR served notices to take the depositions of the following officers, directors and/or employees of Defendant at the offices of Plaintiff's counsel: Carmine Berardi on March 19, 2018; Jonathan McCormack on March 23, 2018; Scott Martinson on March 26, 2018; Andrew B. Dorman on March 28, 2018; and Timothy Feil on March 29, 2018

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

(See Plaintiff's Notices of Depositions attached hereto as Exhibit A).[1] On February 21, 2018, counsel for Defendant advised that the scheduled dates conflicted with a trial date that he had in another matter and requested that they be rescheduled for "dates in April/May that do not conflict with other pending matters." (See February 21, 2018 e-mail correspondence attached hereto as Exhibit C). COR agreed to adjourn its depositions, in a good faith attempt to work with counsel for Defendant, on the understanding that Defendant would provide dates upon which its officers, directors and/or employees would be made available for depositions. No such dates have been provided.

On March 5, 2018, Defendant again moved this Court to extend the end date of fact/deposition discovery (Dkt # 29). This time Defendant asked that the deadline be adjourned such that the end date of fact/deposition discovery coincides with the end date for expert discovery on the basis that FINRA still had not made production according to the subpoena served upon it. COR again consented to this adjournment in good faith. The Court granted Defendant's relief and adjourned the fact/deposition discovery deadline to May 14, 2018 (Dkt # 31). FINRA made production pursuant to the subpoena on March 8, 2018.

Despite numerous attempts by counsel for Plaintiff to get Defendant to proffer or agree to dates for the deposition of its witnesses, Defendant has not provided or agreed to such dates. Indeed, the only discussion of dates from Defendant came when counsel for Defendant advised that due to commitments in other matters, he was unavailable for depositions until after April 19, 2018 and that he could not possibly go forward with depositions at any time in April prior to that date.[2] I made numerous requests by telephone and email for dates for the adjourned depositions and for dates on which Defendant would identify its expert witnesses and produced those witnesses' expert reports and received no dates from Defendant in this regard (see emails attached here as Exhibit D).

On April 3, 2018, I had a call from counsel for defendant wherein, while not suggesting any dates for the adjourned depositions, counsel for Defendant stated that Defendant had "identified" an expert witness, though not signed an agreement with him, and that this expert would be out of the country from May 4 to May 24 on a European vacation. I wrote to Defendant's counsel on April 3 to advise that we could not agree to changes to the expert schedule which would disadvantage our client given the current schedule set by the Court, and again asked for the adjourned deposition dates. When counsel for Defendant called me back he still had no dates to suggest and Defendant had still not formally retained its purported expert. Again counsel for Defendant promised to provide dates and to advise in writing as to how he proposed to deal with the expert witness issues which I had raised.

---

[1] Each of the officers, directors and/or employees whose depositions were noticed by Plaintiff were previously identified by Defendant in its Amended Initial Disclosures as persons with discoverable information which Defendant may use to support its defenses (Exhibit B hereto)

[2] Defendant's counsel had previously served notices or the depositions of certain officers and employees of COR for April 3,4,5,6 and 9 – all of which Defendant's counsel later agreed to adjourn until after Plaintiff had the opportunity to take the earlier adjourned depositions of Defendant's witnesses. Counsel for Defendant has also agreed to take the deposition of two lower level employees who work out of COR's Omaha Nebraska office remotely by Skype or other video conferencing system of Defendant's choosing.

On April 5, 20118, having had no further response from counsel for Defendant. I wrote one further time proposing 6 potential dates for the adjourned depositions for Defendant's witnesses (April 23, 24, 25, 26, 27 and May 1) (Exhibit E hereto). I requested a response by the next day and advised that if we made no progress in scheduling these matters that I would be forced to approach this Court and have a schedule imposed.

Having still had no word back, I request that the Court order the following:

a. That the following adjourned depositions take place at COR's counsel's office on the following dates - Carmine Berardi on April 23, 2018; Jonathan McCormack on April 25, 2018; Scott Martinson on April 27, 2018; Andrew B. Dorman on May 1, 2018; and Timothy Feil on May 3, 2018; and that the failure of those witnesses to appear will result in adverse inferences against the Defendant as to those witnesses' testimony and/or the striking of Defendant's answer and defenses;

b. That if Defendant will be serving an expert report that it must do so by no later than April 14, 2018 so that Defendant's expert witness may be deposed by the May 14, 2018 expert discovery deadline. COR will have 30 days from the service of that expert report to identify a rebuttal expert witness and produce a report from that rebuttal expert. If Defendant has not served its expert report on or April 14 than it shall be deemed to have waived the presentation of an expert; and

c. The Parties will schedule the depositions of the previously adjourned depositions noticed by Defendant, to the extent it still wishes to take those depositions, for the period of May 3 to May 14. If Defendant wishes to take the depositions of Todd Hatton and Amy Ausdemore, they shall be taken remotely as previously agreed.

We thank the Court for its indulgence in this regard and regret that despite numerous good faith to meet and confer to resolve this matter the parties were not able to deal with this among themselves. We are available if the Court has any questions regarding this matter or would like to speak with the parties.

Respectfully submitted,
ANDERSON KILL PC

By _____
Christian V. Cangiano (CC1200)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1172
Facsimile: (212) 278-1733
E-mail: ccangiano@andersonkill.com

*Attorneys for COR Clearing, LLC*

Cc: Paul A. Lieberman, Esq. (*via* ECF)

docs-100008135.1