**SCARINCI | HOLLENBECK**
——— ATTORNEYS AT LAW ———

New Jersey | New York | Washington, D.C.

**PAUL A. LIEBERMAN, ESQ.** | Partner
plieberman@sh-law.com
P: 732-568-8366 | F: 732-695-8108

April 11, 2018

<u>Via ECF</u>

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court for the Southern District of NY
Thurgood Marshall United States Court
40 Foley Square – Court Room 1305
New York, NY 10007

Re: COR Clearing, LLC v. First Standard Financial Co., LLC
Case No.: 17 [CIV] 02190 (PAE)

Dear Judge Engelmayer:

On behalf of Defendant First Standard Financial Company, LLC ("First Standard" or "Defendant"), we write in response to Plaintiff COR Clearing, LLC ("COR") counsel's letter dated April 9, 2018. I apologize for the one day delay in responding, but I was engaged in a previously scheduled regulatory proceeding yesterday. From the Defendant's perspective, there is only one issue that this Court is required to address, and that is the re-scheduling of Defendant's expert witness. Defendant encountered severe difficulties in being able to retain an expert who was not conflicted from representing a Defendant who was adverse in a clearing firm matter. Defendant was able to resolve that issue on April 6, 2018. Defendant's counsel had kept Plaintiff's counsel informed of those difficulties.

Due to the Defendant's retained expert's schedule involving committed international travel for an extended period during May and current matters, and Plaintiff's counsel's refusal to voluntarily agree to modify the expert report due date and expert's deposition date, Defendant hereby respectfully requests that the following scheduling changes be approved by the Court in the interests of fairness. Defendant's expert should have the opportunity to review the transcripts of testimony of both the Plaintiff and Defendant fact witnesses, and prepare his report based on his evaluation of such testimony and the documentary evidence that has already been exchanged between the parties. Without such analysis, there would be no purpose in having an expert's report.

Requiring Defendant's expert to submit a report on April 14, without having the opportunity to consider all of the available evidence is simply unacceptable. Further, COR wants the advantage of having its rebuttal expert, who has not been identified to Defendant, 30 days from the service of what would be Defendant's expert's incomplete report, to serve his/her report. Plaintiff demands that if Defendant's expert report is not served by April 14, then Defendant's expert presentation should be deemed waived. Such consequence is utterly unfair, prejudices Defendant and gives Plaintiff all the advantages.

April 11, 2018
Page 2

Plaintiff has not shown any harm or prejudice in not allowing Defendant's expert's report to be submitted after the completion of all witness testimony. This would be a matter of a few weeks, at most. The parties can request expedited treatment for the delivery of transcripts. Similarly, Plaintiff would not be harmed by selecting its rebuttal expert now, informing Defendant, and being permitted to submit its rebuttal report within 30 calendar days (or less at the Court's discretion) after Defendant's expert report is completed. Such a course is fair to both parties, conforms with discovery rules, and can be accomplished by this Court's Order.

Given that depositions of Plaintiff's witnesses will not be completed until at least May 14, it is respectfully requested that the Court's Order permit Defendant's expert report to be submitted 30 days after the last Plaintiff witness deposition date.

Next, in order to be more efficient with the deposition calendar, Defendant submits that its witnesses can be scheduled on consecutive days during the week of April 23, that Messrs. Martinson and Dorman can be scheduled for the same day, and that Mr. Feil and Mr. Berardi can also be scheduled for the same day based on their expected length of testimony. Defendant's counsel remains available to confirm such details with COR's counsel by letter or Order of this Court.

Defendant expects to take the depositions of Plaintiff's witnesses during the week of May 3, also on consecutive days, and with the expected cooperation of Plaintiff's counsel, can consider completing 2 witnesses on the same day. Such single day efficiency is anticipated at least with witnesses Hatton and Ausdemore.

Contrary to COR's counsel's statement, Defendant's counsel met and conferred on numerous occasions with Mr. Cangiano, including advising of my other professional commitments, and client's unavailability during Easter week.

We believe that either a conference call or personal attendance at a scheduling conference meeting should be ordered to resolve these issues.

Respectfully submitted,
SCARINCI & HOLLENBECK, LLC

By: __s/_____
  Paul A. Lieberman
  3 Park Avenue, 15th Fl.
  New York, NY 10016
  Telephone: 212-286-0747
  Facsimile: 212-808-4155

PAL/pm

  cc:   Christian V. Cangiano, Esq.

4827-8076-1697, v. 1