UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

COR CLEARING, LLC

                                                   Plaintiff,            Case No. 17-CV-2190 (PAE)

              -against-

FIRST STANDARD FINANCIAL CO., LLC

                                                   Defendant.

-------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF COR CLEARING, LLC'S MOTION *IN LIMINE* TO EXCLUDE HEARSAY TESTIMONY AND TESTIMONY CONCERNING STATEMENTS MADE BY WITNESSES NOT DISCLOSED IN VIOLATION OF FED. R. CIV. P. 26(A)(1)(A) & (E)**

Dated:   October 22, 2018

                                          ANDERSON KILL P.C.
                                          Jeremy E. Deutsch
                                          Christian V. Cangiano
                                          Christopher Paolino
                                          1251 Avenue of the Americas
                                          New York, NY  10020
                                          Telephone: (212) 278-1000
                                          Facsimile:  (212) 278-1733
                                          jdeutsch@andersonkill.com
                                          ccangiano@andersonkill.com
                                          cpaolino@andersonkill.com

                                          *Attorneys for Plaintiff COR Clearing, LLC=*

docs-100051536.5

# TABLE OF CONTENTS

I. Factual Background. ...................................................................................................1

    a. Testimony Concerning Purported Statements by FINRA. ....................................1

    b. Testimony Concerning Purported Statements by First Standard Brokers...............2

II. Legal Argument..........................................................................................................2

    a. Purported Statements by FINRA. .........................................................................3

    b. Purported Statements by First Standard Brokers...................................................4

CONCLUSION................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*C.f. Badolato v. Long Island R.R.*,
  *No*. CV 14-1528 (AKT), 2016 U.S. Dist. LEXIS 147713 (E.D.N.Y. Oct. 24,
  2016) ......................................................................................................................... 5

*Chapman v. Universal Motown Records Grp.* ................................................................. 3

*Pal v. N.Y. Univ.*,
  2008 U.S. Dist. LEXIS 50902 (S.D.N.Y. June 30, 2008) ......................................... 5

*Rowe Entmt, Inc. v. William Morris Agency, Inc.*,
  2005 U.S. Dist. LEXIS 75 (S.D.N.Y. Jan. 4, 2005) .................................................. 3

*United States v. Amato*,
  306 F. App'x 630 (2d Cir. 2009) ............................................................................. 2

**Other Authorities**

Fed. R. Civ. P. 26(a)(1)(A) .......................................................................................... 2, 5

Fed. R. Civ. P. 26(a)(1)(A) and 26(e) ............................................................................ 5

Fed. R. Civ. P. 26(a)(1)(A) & (E) .................................................................................. 1

Fed. R. Civ. P. 26(e) ................................................................................................... 2, 5

Fed. R. Evid. 801(c) ....................................................................................................... 2

Pursuant to the Court's Individual Rules and Practice, Rule 5.B.i., Plaintiff COR Clearing, LLC ("COR"), by and through its attorneys, Anderson Kill, P.C., submits this Memorandum of Law in Support of its Motion *in Limine* to exclude hearsay testimony and testimony concerning statements made by witnesses not disclosed in violation of Fed. R. Civ. P. 26(a)(1)(A) & (E).

I.   **Factual Background.**

This action arises from First Standard's breach of the Fully Disclosed Clearing Agreement and Schedule A (the "FDCA") entered into between COR and Defendant First Standard Financial Co., LLC ("First Standard"). *See* Stipulated Facts[1], at ¶ 27, 31. Pursuant to the FDCA, COR was First Standard's exclusive clearing broker for a seven-year period. *See* Stipulated Facts, at ¶ 16. The FDCA became effective as of December 1, 2016 after execution by both parties. *See* Stipulated Facts, at ¶¶ 20, 21. Instead of complying with its obligations under the FDCA, First Standard breached the FDCA by, *inter alia*: (1) refusing to honor its obligations under the FDCA (*see* Stipulated Facts, at ¶¶ 27-36); (2) renegotiating and executing a new fully disclosed clearing agreement with its then-existing clearing firm, Hilltop Securities, Inc. ("Hilltop") (*see* Stipulated Facts, at ¶¶ 39-46); and, (3) continuing to clear its trades through Hilltop instead of transitioning to COR (*see* Stipulated Facts, at ¶ 47).

   a.   **Testimony Concerning Purported Statements by FINRA.**

Pursuant to the Joint Pretrial Order, First Standard seeks to present testimony from: (1) Carmine Berardi, who was the Chief Executive Officer of First Standard at all relevant times; and, (2) John McCormack, who was the Executive Vice President of First Standard at all

---

[1] "Stipulated Facts" refers to the stipulated or agreed statements of fact set forth in the parties' Joint Pretrial Order, pursuant to the Court's Individual Rules and Practice, Rule 5.A.vii., submitted on October 22, 2018 (the "Joint Pretrial Order"). Herein, COR references certain deposition excerpts that have been submitted along with the Joint Pretrial Order, pursuant to the Court's Individual Rules and Practice, Rules 5.C.ii. COR respectfully refers the Court and First Standard to these pretrial submissions.

relevant times. *See* Joint Pretrial Order, at Section VII.B.1, 2. First Standard seeks to present testimony from Berardi and McCormack concerning purported statements that the Financial Industry Regulatory Authority ("FINRA") made to McCormack, whereby FINRA purportedly expressed "concerns" about the FDCA and the clearing arrangement between COR and First Standard. *See id.* As detailed below, such statements constitute impermissible hearsay pursuant to Fed. R. Evid. 801(c).

      b.      **Testimony Concerning Purported Statements by First Standard Brokers.**

According to the Joint Pretrial Order, First Standard's witnesses will not be testifying as to the purported concerns raised by First Standard broker, as First Standard has not identified this as a testimonial topic. *See* Joint Pretrial Order, at Section VII.B.1, 2. Nonetheless, First Standard should be precluded from presenting any testimony concerning the statements of First Standard brokers, whereby they purportedly raised concerns about transitioning from Hilltop to COR. *First*, as detailed below, such hearsay testimony is precluded under Fed. R. Evid. 801(c). *Second*, First Standard (1) did not disclose these brokers in its Fed. R. Civ. P. 26(a)(1)(A) Initial Disclosures, and (2) did not supplement its disclosures to include these brokers while discovery was ongoing, as required under Fed. R. Civ. P. 26(e). *See* **Exhibit 1** (First Standard's Amended Initial Disclosures).

**II.**      **Legal Argument.**

The Federal Rules of Evidence define hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "[O]ne general purpose of the rule against hearsay is guarding against unreliable testimony that is not subject to cross-examination." *United States v. Amato*, 306 F. App'x 630, 632 (2d Cir. 2009).

a.  **Purported Statements by FINRA.**

First Standard's proposed testimony of McCormack concerning what someone at FINRA purportedly told him falls squarely within the definition of hearsay and is not subject to an exception.  *See Rowe Entmt, Inc. v. William Morris Agency, Inc.*, 98 Civ. 8272 (RPP), 2005 U.S. Dist. LEXIS 75, at *176-77 (S.D.N.Y. Jan. 4, 2005) ("According to Mr. Rowe, Rob Light told him that Don Fox of Beaver would not allow him to co-promote in New Orleans, but he could participate in the tour in other markets.[]  Plaintiffs provide no testimony from Mr. Light confirming that he did in fact have such a conversation with Mr. Fox.  Accordingly, Mr. Rowe's statement about that conversation is hearsay and not admissible evidence.") (citation omitted); *Chapman v. Universal Motown Records Grp.*, 08 Civ. 3255 (LAP), 2010 U.S. Dist. LEXIS 11015, at *8-9 (S.D.N.Y. Feb. 3, 2010) (Michael Irving states that Barnes represented, both orally and in writing on his website, that Barnes had a close relationship with Cartagena.[]  This testimony falls squarely within the definition of hearsay and is not subject to an exception.  Irving is testifying to statements made by Barnes, and Plaintiff offers Irving's testimony to prove that Barnes had a close relationship with Cartagena; that is, for the truth of Barnes's assertions.).

First Standard is trying to offer out-of-court statements by someone at FINRA, whereby that individual purportedly: (1) expressed concerns about the FDCA and the clearing arrangement between COR and First Standard; and, (2) directed McCormack that First Standard could not switch clearing firms from Hilltop to COR.  First Standard is trying to offer such out-of-court statements to prove that FINRA did in fact (1) have such concerns and (2) provide such direction.  Indeed, First Standard is trying to offer such statements into evidence through testimony at trial because not one document produced in discovery suggests that someone at FINRA made such statements.  Accordingly, such statements constitute hearsay.  Moreover, First Standard does not even identify the individual from FINRA who made these purported

statements as a witness in the Joint Pretrial Order, and this individual will not be subject to cross-examination.

First Standard's proposed testimony of Berardi should be precluded based on this same principle, and the evidentiary concerns are further compounded because such testimony is hearsay-within-hearsay. According to the Joint Pretrial Order, First Standard seeks to offer Berardi's testimony concerning FINRA's purported "direction to McCormack" – a conversation to which Berardi was not a party. *See* Joint Pretrial Order, at Section VII.B.1, 2.; *see also* the April 24, 2018 Deposition of Carmine Berardi, at 136:15-24 (Q. Okay. So, did you have any recollection at all of FINRA tell you personally, "Mr. Berardi, you should not change clearing firms at this time"? A. No. Q. Do you have any recollection that FINRA told you personally that First Standard could not change clearing firms if it wished to? A. No.).

Accordingly, the proposed testimony concerning statements made by FINRA should be precluded.

### b.     **Purported Statements by First Standard Brokers.**

Any testimony by McCormack or Berardi concerning the purported statements of undisclosed First Standard brokers is also hearsay and is not subject to an exception. First Standard would be offering out-of-court statements by its brokers, whereby they purportedly expressed concerns about transitioning to COR, and would be offering such out-of-court statements to prove that its brokers did in fact have concerns about transitioning to COR. Such testimony is inadmissible. Moreover, First Standard does not identify the brokers who made these purported statements as witnesses in the Joint Pretrial Order, and these brokers will not be subject to cross-examination.

Such testimony should also be precluded because First Standard violated Fed. R. Civ. P. 26(a)(1)(A) and 26(e) by failing to disclose these brokers in its Amended Initial Disclosures. *See* **Exhibit 1**. Pursuant to Fed. R. Civ. P. 26(a)(1)(A):

> [A] party must, without awaiting a discovery request, provide to the other parties:… the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses….

*Id*. "The purpose of this disclosure is to alert an opposing party of the need to take discovery of the named witness." *Pal v. N.Y. Univ.*, 06 Civ. 5892 (PAC) (FM), 2008 U.S. Dist. LEXIS 50902, at *10 (S.D.N.Y. June 30, 2008). Further, Fed. R. Civ. P. 26(e) requires that a party who has made a disclosure under Rule 26(a) must supplement its disclosure. *Id*.

By failing to disclose these brokers in its Amended Initial Disclosures, First Standard did not provide COR with fair warning of the need to take discovery from them. *See Pal*, 2008 U.S. Dist. LEXIS 50902, at *10 (NYU's late disclosure of the four witnesses here simply did not provide Pal with fair warning of the need to take discovery from them. NYU consequently did not comply with Rule 26(a)(1)(A).). Accordingly, First Standard should be precluded from eliciting testimony of McCormack or Berardi concerning statements that these undisclosed brokers made to them. *C.f. Badolato v. Long Island R.R., No*. CV 14-1528 (AKT), 2016 U.S. Dist. LEXIS 147713, at *8 (E.D.N.Y. Oct. 24, 2016) (precluding individuals from testifying as witnesses where, *inter alia*, defendant (1) did not disclose the individuals as witnesses in its Fed. R. Civ. P. 26(a)(1)(A) Initial Disclosures; (2) did not supplement its disclosures to include the individuals while discovery was ongoing as required under Rule 26(e); and (3) first disclosed the individuals in the proposed Joint Pretrial Order).

**CONCLUSION**

For the foregoing reasons, COR respectfully requests that the Court: (1) grant COR's Motion *in Limine*; (2) preclude First Standard from presenting testimony at trial concerning purported statements made by FINRA expressing concerns about the FDCA and the clearing arrangement between COR and First Standard, or directing McCormack that First Standard could not switch clearing firms from Hilltop to COR; (3) preclude First Standard from presenting testimony at trial concerning purported statements made by First Standard brokers expressing concerns about transitioning to COR; and, (4) all such other and further relief as to the Court deems just, equitable, and proper under the circumstances.

Dated:  New York, NY
        October 22, 2018

By:  /s/ Jeremy E. Deutsch
     Jeremy E. Deutsch
     Christian V. Cangiano
     Christopher Paolino
     Anderson Kill P.C.
     1251 Avenue of the Americas
     New York, NY  10020
     Telephone: (212) 278-1000
     Facsimile:  (212) 278-1733
     jdeutsch@andersonkill.com
     ccangiano@andersonkill.com
     cpaolino@andersonkill.com

     *Attorneys for Plaintiff COR Clearing, LLC*