USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/2/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COR CLEARING, LLC,

                      Plaintiff,

-v-

FIRST STANDARD FINANCIAL CO. LLC,

                      Defendant.

17 Civ. 2190 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

A bench trial in this matter will begin on January 22, 2019. The Court schedules a final pre-trial conference for Thursday, January 10, 2019 at 12:00 p.m. to take up the issues discussed below and others related to the upcoming trial.

On October 22, 2018, plaintiff Cor Clearing, LLC ("Cor"), filed two motions *in limine*, Dkt. 41, and a supporting memorandum of law, Dkt. 42. First, Cor moves to preclude defendant First Standard Financial Co. ("First Standard") from presenting witness testimony from Carmine Berardi, First Standard's CEO at all relevant times, and John McCormack, First Standard's Executive Vice President at all relevant times, regarding purported statements made by officials at FINRA stating the agency's concerns about the Fully Disclosed Clearing Agreement and the arrangement between the parties. *See* Dkt. 42 at 2. Second, Cor moves to preclude First Standard's witnesses from testifying as to the statements of First Standard brokers. Dkt. 42 at 4. According to Cor, First Standard did not identify these brokers in its initial filings, nor did it identify them in the joint pretrial order. In both instances, Cor requests that the Court preclude such testimony as impermissible hearsay in violation of Federal Rule of Evidence 801(c). First

1

Standard has not opposed these motions, and the deadline for any such opposition has long since passed.

The Court has reviewed the unopposed motions *in limine*. The Court grants the relief sought in both, substantially for the reasons stated by Cor, including that the statements in question are, clearly, hearsay if offered for the truth of the matter asserted. And because First Standard elected not to respond to the motions *in limine*, it has not identified a non-hearsay basis for receiving these statements. The Court will set out its reasons for this ruling in greater length on the record at the final pre-trial conference.

The Court has also received Cor's motion requesting that the Court enter judgment in its favor because First Standard has allegedly stipulated to the law and all facts necessary to prove Cor's claims. *See* Dkt. 61. On December 5, 2018, the Court issued an order directing First Standard to reply to Cor's letter by December 13, 2018. Dkt. 62. On December 12, 2018, First Standard requested an extension until December 20, 2018 to file its response. Dkt. 63. On December 13, 2018, the Court granted that extension. Dkt. 64. First Standard, however, again has not filed a response.

Cor's motion presents a substantial question, and it is possible that the lack of a response by First Standard reflects its inability to muster a colorable response. The Court notes that First Standard has admitted in the JPTO facts that appear substantially to establish Cor's central factual claims. The Court also notes that First Standard has left blank the portion of the JPTO that requires it to identify any defenses. Nevertheless, given the gravity and centrality of Cor's motion and First Standard's failure to respond to it, the Court wishes to discuss this motion with counsel before resolving it. Accordingly, at the final pretrial conference, in addition to setting out its reasons for granting Cor's motions *in limine*, the Court will also take up with counsel

Cor's motion to enter judgment in its favor. If the Court elects not to grant that motion at that time, the Court will then use the balance of the conference to discuss the substance of the upcoming trial. Counsel should come to the conference fully prepared to respond to questions regarding all aspects of the trial.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 2, 2019
New York, New York