**SCARINCI | HOLLENBECK**
—— ATTORNEYS AT LAW ——

New Jersey   |   New York   |   Washington, D.C.

**PAUL A. LIEBERMAN** | Partner
plieberman@sh-law.com
Phone: 732-568-8366

January 14, 2019

**VIA ECF**

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Court Room 1305
New York, NY 10007

    Re:    **COR Clearing LLC v. First Standard Financial Co., LLC**
                **Case No.: 1:17-cv-02190 (PAE)**

Dear Judge Engelmayer:

    Pursuant to your Order, on behalf of Defendant First Standard Financial Co., LLC ("Defendant" or "FSFC"), this letter constitutes its Opposition to the attorneys' fee application submitted by Plaintiff COR Clearing, LLC's law firm in the above captioned matter. In this Opposition, Defendant has included its analysis of COR counsel's submitted billing invoices and authorities supporting the conclusion that Plaintiff's demand for $400,324.93 (representing $377,070.00 of already billed fees; $9,544.50 of anticipated, unbilled fees in connection with the instant application; and $13,710.43 for expenses) must be reduced to a reasonable figure which we calculated as $154,645.80.

New York Law Regarding Attorneys' Fees

    New York generally adheres to the American Rule regarding litigation fees and costs, where a prevailing litigant is ordinarily <u>not</u> entitled to collect reasonable attorneys' fees. *U.S. Underwriters Ins. Co. v. City Club Hotel*, LLC, 789 N.Y.S.2d 470, 472, 822 N.E.2d 777, 779 (2004). The exception is where recovery of attorneys' fees is authorized by statute, agreement or court rule. *Id*. Here, the contract at issue authorizes the recovery of <u>reasonable</u> attorneys' fees. As Plaintiff's Counsel recognizes in their application, in determining the amount of a fee award, the court must apply a "presumptively reasonable fee calculation." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 172 (2d Cir. 2009). A reasonable fee calculation is "what a reasonable, paying

Hon. Paul A. Engelmayer, U.S.D.J.
January 14, 2019
Page 2

client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Id.* (internal quotations and citations omitted). To calculate this fee, "courts typically start with a determination of the lodestar amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Synergy Aero. Corp. v. LLFC Corp.*, No. 16cv2268, 2016 U.S. Dist. LEXIS 137070, at *4 (S.D.N.Y. Oct. 3, 2016) (internal quotations and citations omitted). In determining what a reasonable client would pay, the Court considers the following twelve factors:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the level of skill required to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; 5) the attorney's customary hourly rate; 6) whether the fee is fixed or contingent; 7) the time limitations imposed by the client or the circumstances; 8) the amount involved in the case and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability of the case; 11) the nature and length of the processional relationship with the client; and 12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, n.3 (2d Cir. 2007).

To calculate the reasonableness of the hours billed, "courts consider the contemporaneous time records that specify, for each attorney, the date, hours expended, and nature of the work done, and its own familiarity with the case and its experience generally." *Synergy Aero. Corp, supra* at *8. Courts are instructed to exclude "hours that were not reasonably expended," from the fee calculation, meaning that "counsel for the <u>prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary</u>." *Id.* at *9. (emphasis added). Courts in the Southern District have previously reduced, or even disallowed the recovery of, "attorneys' fees where the supporting time records were not broken out with sufficient detail to enable it to determine the reasonableness of the time spent on particular tasks." *Thai-Lao Lignite (Thail.) Co. v. Gov't of the Lao People's Democratic Republic*, 2012 U.S. Dist. LEXIS 164261, at *10 (S.D.N.Y. Nov. 14, 2012).

In a situation where "a precise hour-for-hour reduction would be unwieldy or potentially inaccurate," courts have found that applying an aggregate reduction in the fee application is appropriate and, in fact, warranted. *Synergy Aero. Corp., supra*, at *12.

Anderson Kill Fee Certificate

Plaintiff's Counsel's fee certificate evidences unreasonable, inflated, or duplicate fees, often hidden or masked in gigantic block-billing entries, that were maintained and billed in such manner throughout the pendency of this litigation. On the fee certificate, the billing time keeper billed at least 21.9 hours to draft a three count Complaint, incurring at least $8,112.50 in fees.

Hon. Paul A. Engelmayer, U.S.D.J.
January 14, 2019
Page 3

These included at least one duplicate entry for drafting the complaint entered by timekeeper CC on 3/15/2017 for 3 hours of work billed at a total of $1,500.00.

There also appear to be duplicate entries regarding legal research and the drafting of a letter to the court on 6/19/2017 totaling 3.5 hours ($1,750.00) and two entries again reflecting legal research and the drafting of a letter to the court the following day, 6/20/2017 totaling 3.5 hours ($1,750.00). As discussed, below, the total billed for legal research on this straightforward breach of contract matter appears exorbitant when considering counsel's experience in matters of this type, which is submitted as the reason why COR selected Anderson Kill.

The billing timekeepers billed 10.7 hours and $5,375.00 for drafting its initial disclosures. The billing timekeeper billed 20.1 hours and $10,087.50 in fees for drafting their document demands. At least two of these entries are duplicative, as there are entries by timekeeper CC on 7/19/2017 (2.2 hours billed for "review complaint and answer and drafting document demand") and two entries on 7/21/2017 which have substantially similar description of services rendered entries, evidencing duplicate billing (2.5 hours billed for "drafting document demand and review materials to continue drafting" and 2.5 hours billed for "review pleadings and drafting document request").

The billing timekeepers billed 8 hours totaling $4,000.00 for drafting responses to document demands. At least two of these entries appear to be exact duplicates (2.0 hours billed on 9/19/2017 for "drafting responses to discovery demands," and 2.5 hours on 9/20/2017 for "drafting responses to discovery demands." Billing timekeeper SW billed 14.1 hours totaling $4,159.50 for conducting document review of what they allege in their application to be 1,262 documents totaling 11,535 pages, meaning that it took SW more than 13 minutes per page to complete this document review.

Plaintiff billed a whopping 41.80 hours and $16,636.00 for reviewing documents for production. At least four of these entries are duplicative of each other (10/2/2017 entry for 0.5 hours for "review of documents for production" and 10/2/2017 entry for 1.0 hours for "review of documents for production," 10/11/2017 entry for 2.5 hours for "secondary review of documents for production," and 10/11/2017 entry for 3.0 hours for "secondary review of documents for production"). More egregiousl is the fact that the billing timekeepers clearly billed for two attorneys performing identical work, as evidenced by the numerous entries for "second level review of documents for production," or "secondary review of documents for production," on 10/2/2017 (two entries); 10/3/2017; 10/4/2017; 10/5/2017; 10/6/2017; and 10/11/2017 (two entries) by timekeeper CC for a total of 17 hours totaling $7,500.00. However, timekeeper SW had already billed 20.8 hours totaling $6,962.00 on 9/25/2017, 9/26/2017, and 9/28/2017 for "review documents for response, privileged, and non-responsive material."

Plaintiff's application states that ten depositions occurred in relation to this litigation. The fee certificate indicates that four billing timekeepers (CC, JD, CP, and JAS) participated in deposition preparation, spending a whopping 182.9 hours (or almost 18.5 hours spent *per witness*

Hon. Paul A. Engelmayer, U.S.D.J.
January 14, 2019
Page 4

on preparation, alone) preparing for these depositions for a total amount billed of $87,414.42.00 for just the deposition preparation. In addition to being excessive based upon Plaintiff's own assessment of the issues and facts involved in this matter, at least eight of these entries are duplicative:

- 4/17/18 entry for 2.0 hours for "depo prep; drafting outline and reviewing documents," and second 4/17/18 entry for 2.0 hours for "depo prep;
- drafting outline and reviewing document," both by timekeeper CC;
- 4/20/18 entry for 1.0 hours for "prepare for depositions; review documents for same" and second 4/20/19 entry for 2.0 hours for "prepare for depositions; discussions with JED and CP re same; additional discussion of additional related discovery questions," both by timekeeper CC;
- 4/21/18 entry for 1.1 hours for "preparing for Martinson deposition," and 4/22/18 entry for 1.8 hours for "preparing for Martinson deposition," both by timekeeper CP;
- 5/21/18 entry for "Scaplen prep with JED and CP" for 3.5 hours by timekeeper CP and second 5/21/18 entry for "preparing Michael Scaplen for deposition," for 3.5 hours by timekeeper CC.

Plaintiff's counsel's fee certificate bills for three timekeepers, CC, CP, JD to attend depositions, often with more than one timekeeper billing for attendance, defense, or taking of the same witness's deposition. In total, these three timekeepers billed for 117.10 hours spent at depositions, totaling $62,969.50 for deposition attendance, alone. It is submitted that three attorneys assigned to prepare and/or conduct depositions is excessive and unreasonable, given counsel's experience. Defendant used one attorney for this matter, and a paralegal.

Additional blatantly excessive and duplicated entries related to "research" for which this law firm was supposedly well-versed, "drafting" of documents by multiple attorneys, and general communications with its own client representatives, include:

- 3/21/2018 "researching liquidated damages enforceability," for 6.10 hours totaling $2,592.50 and 3/27/2018 "research and drafting legal memorandum on liquidated damages arguments," for 6.4 hours totaling $2,720.00, both entered by billing timekeeper CP in addition to an entry on 4/13/2018 "researching issues related to availability of actual damages […] and interpretation of contracts," for 2.1 hours totaling $892.50 by billing time keeper CP;
- 4/9/2018 "review hot documents and commence deposition outlines," for 5.5 hours totaling $3,547.50 entered by billing timekeeper JD; 4/13/2018 "emails to and from client re potential deposition dates," for .2 hour totaling $105.00 and a second entry on 4/13/2018 "email to client re call and proposed deposition dates" also for .2 hour totaling $105.00;

Hon. Paul A. Engelmayer, U.S.D.J.
January 14, 2019
Page 5

- 5/18/18 "calls from opposing counsel re discovery and potential settlement issues for .2 hour totaling $105.00 for timekeeper CC and second 5/18/18 entry "tel call with Paul Lieberman re settlement," for .3 hour for timekeeper JD;
- 6/1/18 entry for "email to Paul to re-state settlement proposal," and second entry on 6/1/18 for "EMAILS WITH pAULRE SETTLEMENT DETAILS [sic]" for .4 hour, both by timekeeper JD;
- 8/20/18 for "meeting to prepare for court conference," for .5 hour totaling $262.50 by timekeeper CC, and a second entry on 8/21/18 for "prep for court conference," for .4 hour totaling $258.00 by timekeeper JD;
- discuss with Chris and Chris anticipated summary judgment motions by COR" for .6 hour totaling $387.00 by timekeeper JD;
- 8/21/18 for "prep for and attend compliance conference before Court with JED" for 2.5 hours totaling $1,312.50 and second entry on 8/21/18 for "travel to/from SDNY and attend and give argument at conference with court," for 3.0 hours totaling $1,935.00 by timekeeper JD;
- 8/22/18 "tel call Ethan and emails to/from Carlos," for .3 hour totaling $193.50 and a second entry on 8/22/18 "update re hearing to Ethan," for .3 hour totaling $193.50 both by timekeeper JD;
- 10/11/18 "reviewing discovery documents and deposition transcripts and drafting witness declarations to be conformed into the Joint Pretrial Order, including deposition designations and an exhibit list," for 9.9 hours totaling $4,207.5 and identical entries on 10/12/18 (for 6.5 hours totaling $2,762.50), 10/13/18 (for 9.4 hours totaling $3,995.00), and 10/14/18 (for 8.8 hours totaling $3,740.00) all by timekeeper CP;
- 10/17/18 "review and comment on and discuss with JED and CP pre-trial filings; call with JED, and CP to opposing counsel," for 1.0 hour totaling $525.00, 10/18/18 "receive, review and comment on draft pre-trial filings and declarations; discussions of same with CP and JED for 1.0 hour totaling $525.00, and 10/19/18 "review and comment on pre-hearing filings; discussions with CP and JED re same" for 1.0 hour totaling $525.00, all by billing timekeeper CC;
- 10/17/18 "reviewing documents and transcripts and drafting pretrial submissions of declarations and proposed findings of fact and conclusion of law..[sic]," for 8.2 hours totaling $3,485.00, 10/18/18 "reviewing documents and transcripts and pretrial submissions of declarations and proposed findings of fact and conclusions of law [..] sic" for 4.8 hours totaling $2,040.00, 10/19/18 "reviewing exhibits and transcripts and drafting Proposed Findings of Facts and Conclusions of Law" for 10/9 hours totaling $4,632.50, 10/20/18 "Reviewing exhibits and transcripts, drafting Proposed Findings of Facts and Conclusion of Law, drafting Motion in Limine," for 12.1 hours totaling $5,142.50, and 10/20/18 "Reviewing exhibits and transcripts, drafting Motion in LImine, and drafting deposition excerpts," for 11.5 hours totaling $4,887.50 all by timekeeper CP;

Hon. Paul A. Engelmayer, U.S.D.J.
January 14, 2019
Page 6

- 10/25/18 "drafting letter to Judge Englemayer," for .5 hour totaling $212.50 and 11/8/18 "drafting letter to Judge Englemayer," for 1.5 hour totaling $595.00 both by timekeeper CP.

Plaintiff's counsel's fee certification also includes exorbitant time billed for internal research on non-complex issues related to this breach of contract litigation. All told, timekeepers CC and CP billed 51.60 hours for this category of services, totaling $23,611.00 in fees.

Finally, it is noted that despite Plaintiff's counsel's indication in the application for fees that the firm charged $500.00 per hour for partners and of counsel in the handling of this matter, the fee certificate has numerous examples where $525.00 was charged, instead, further indicating inflated fees and a billing system that did not recognize reduced rates or did not have lowered hourly rates actually inputted. See, as an example of this incorrect billing amount, for billing timekeeper CC, all entries dated on or after 2/22/2018 reflect the "Firm rate," of $525.00 rather than the COR rate of $500.00, despite Plaintiff's counsel alleging in its application that COR only paid the reduced hourly rate of $500 from February 2018 instead of the regular $525 rate. Billing timekeeper JD was always billed at the "firm rate" of $625.00 or $645 rather than the COR rate of $500.00, despite their assertion in their application that he billed at $500 through the pendency of the litigation. It cannot be determined from the submitted Application whether a "blended rate" was offered to COR, and if so, whether it was calculated in that manner.

When considering the factors for determining whether a reasonable client would pay the $400,324.93 that plaintiff's counsel seeks, the answer is a resounding, "no." Such client would not pay at rates that exceeded an apparent agreement at a lower hourly rate. Plaintiff's counsel alleges that their firm worked a total of 889.40 hours on this matter, a breach of contract involving a clearing agreement, which had components of a breach of the covenant of good faith and fair dealing and for conversion of property. The three count Complaint and ensuing litigation implicated no esoteric or novel areas of law – simply put, this case is not one that required nearly 1,000 hours and three billing attorneys, two with more than 25 years' experience, to handle. Interestingly, there was no use of paralegals who bill at sustainably lower hourly rates.

This leaves a claimed balance of $386,614.50 in attorney's fees. Second, the Court must consider the amount requested as compensation for the drafting of the fee application -- $9,544.50 representing 13.7 hours for attorney work and 11.7 hours for paralegal work. These numbers are shockingly inflated and must be re-calculated at a more reasonable figure. Most large firms have Account Receivable/Billing departments, staffed with systems and personnel who are capable of producing the support for fee applications.

Finally, the Court must consider the claimed $377,070.00 of work already billed on this matter. As demonstrated above, the fees billed are rampantly duplicative and excessive. The Court should deduct all duplicate billing entries as laid out above. Additionally, a majority of entries are block-billed making it difficult for the Court to assess the reasonableness of the billing. After removing all duplicate billing entries, the Court already remarked about the potential savings of

Hon. Paul A. Engelmayer, U.S.D.J.
January 14, 2019
Page 7

time/effort by 'standing down' from trial preparation. Accordingly, the Court must disallow entirely the remaining block-billed entries for anticipated, unbilled fees of $9,544.50. Other block-billed entries that are not broken down in a manner that permits the Court to determine the reasonableness of the time spent on the billed-for tasks must also be disallowed.

Conclusion

Based on the foregoing, it is submitted that Plaintiff's demand for $400,324.93 (representing $377,070.00 of already billed fees; $9,544.50 of anticipated, unbilled fees in connection with the instant application; and $13,710.43 for expenses) must be reduced to a reasonable figure. It is submitted that Anderson Kill "overstocked" the number of attorneys assigned to this matter, considering the expertise of its partner. The duplication of efforts evidence the use of an associate as a "trainee", obtaining 'on the job' experience when "training" is not a reasonable cost to be shifted to Defendant. Due to the blatant overbilling, failure to correctly apply a reduced hourly rate (or blended rate), duplicate billing, and block billing, and to the fact that a precise hour-by-hour reduction would be potentially inaccurate, FSFC respectfully requests that this Court apply an aggregate reduction in Plaintiff's fee application by at least 60%. Accounting for the removal from Plaintiff's fee application of estimated expenses related to pretrial and trial work which will not occur as a result of the settlement, a reduction by 60% results in an award of reasonable attorneys' fees and costs of $154,645.80. This amount should be awarded by the Court.

                Respectfully submitted,

                Paul A. Lieberman

PAL/las

cc:  Jeremy E. Deutsch, Esq. (via ECF)