# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733

Jeremy E. Deutsch, Esq.
jdeutsch@andersonkill.com
212-278-1172

**_VIA ECF_**

January 15, 2019

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court for the Southern District of NY
Thurgood Marshall United States Court
40 Foley Square, Court Room 1305
New York, NY  10007

Re: COR Clearing, LLC v. First Standard Financial Co., LLC
Case No.: 17 CIV. 02190 (PAE)

Dear Judge Engelmayer:

     We are counsel for Plaintiff COR Clearing, LLC ("COR").  We write in reply to Defendant First Standard Financial Co., LLC's ("First Standard") opposition to COR's application for an award of legal fees and expenses ("Opposition").

     First Standard does not contest the reasonableness of the hourly rate charged for the legal services that Anderson Kill P.C. ("AK") attorneys performed on behalf of COR in connection with the action.  Instead, First Standard baselessly asserts that AK's billing entries are inflated and attempts to arbitrarily reduce the legal fees and expense sought in COR's application by 60%.  The Court should reject First Standard's Opposition for the following reasons: (1) COR took a more reasonable and cost-effective strategy in prosecuting this action by pursuing liquidated damages, rather than actual damages; (2) First Standard caused COR to incur legal fees in connection with this action by asserting 19 meritless Affirmative Defenses that First Standard chose to abandon on the eve of trial and only after forcing COR to conduct extensive discovery and fully prepare and file its detailed pretrial submissions pursuant to Court's Individual Rules and Practice 5 (the "Rules"); (3) AK has successfully represented COR in connection with this action; (4) Scarinci Hollenbeck, LLC's ("SH") representation (or lack thereof) of First Standard is not a suitable comparison for how AK should have conducted the prosecution of this case, including the amount of attorneys that AK should have used; (5) AK honored the discounted hourly rate to which it agreed with COR, and First Standard misstates AK's billing charts; (6) First Standard incorrectly asserts that AK's time entries are duplicative and constitute block-billing; (7) First Standard fails to present any authority for its  conclusory proposition that the $9,544.50 in estimated fees incurred in connection with this fee application are unreasonable.

     *First*, First Standard's Opposition fails to take into consideration (let alone address) that while COR's Proposed Judgment seeks liquidated damages in the amount of $630,000.00, COR's Amended Complaint sought actual damages, in the alternative, for $3,809,043.00 – ***over six times*** the amount of liquidated damages. *Compare* ECF Doc. No. 61 *with* ECF Doc. No. 11.  COR could have pursued a more aggressive litigation strategy by seeking actual damages and forcing a trial on the merits solely to prove damages, which would have not only increase First Standard's liability

exposure and net capital risk, but also increased the attorney's fees and expenses incurred in this action. Instead, COR took a more reasonable and cost-effective strategy by pursuing liquidated damages.

First Standard even acknowledged COR's "spirit of generosity" in connection with pursuing liquidated damages, rather than actual damages. *See* **Exhibit A** (Transcript of Final Pretrial Conference on January 10, 2018), at P. 23:6-12 (The Court: I would urge you, given the restraint that the other side has shown with respect to liquidated damages, you may want to view the fee application with the same spirit of generosity, just saying. Mr. Lieberman: *Understood*.) (emphasis added). However, First Standard now seeks to arbitrarily reduce COR's attorney's fees by *60%* without any explanation as how it arrived at this proposed reduction percentage.

*Second*, there is only one party to blame for the attorney's fees and expenses incurred in this action. That is First Standard. Had First standard simply admitted to its irrefutable breach of the Fully Disclosed Clearing Agreement ("FDCA") at the outset, every dollar in attorney's fees and expenses that COR incurred would have been avoided. *See* **Exhibit A**, at P. 9:8-9 (The Court: "[T]he joint pretrial order certainly gives no basis to believe there's any credible defense to this case."). Instead, First Standard filed its Answer, asserting *19 Affirmative Defenses* – each of which First Standard chose to abandon on the eve of trial. *See* ECF Doc. No. 15. By waiving these arguments at the very last minute, First Standard forced AK, on behalf of COR, to unnecessarily expend tremendous efforts throughout the course of discovery and in COR's detailed pretrial submissions to disprove these frivolous Affirmative Defenses.

For example, First Standard asserted multiple Affirmative Defenses related to the Financial Industry Regulatory Authority's ("FINRA") purported disapproval of the FDCA and First Standard's need to cancel the FDCA in light of such purported disapproval. *See e.g.*, *id.*, at Affirmative Defense 11 and 12. AK conducted various discovery tasks related to these issues, which demonstrated that FINRA *expressly approved* the use of the FDCA and *never prohibited* First Standard from transitioning to COR. *See e.g.*, ECF Doc. No. 40 (Joint Pretrial Order), § VI. (Stipulated Facts), at ¶¶, 23-25; ECF Doc. No. 43 (Proposed Findings of Fact and Conclusions of Law), § III. AK also prepared a motion *in limine* related to the purported statements made by FINRA, which First Standard ultimately chose not to oppose despite indicating in the Joint Pretrial Order that it intended to elicit testimony concerning such statements. *See* ECF Doc. Nos. 41-42 (Motion *in Limine*); *See e.g.*, ECF Doc. No. 40, § VI.b.1-2. Such tasks unnecessarily drove up legal fees for COR in connection with discovery and the preparation of pretrial submissions – the same fees that First Standard complains about in its Opposition.

First Standard asserted multiple Affirmative Defenses relating to the enforceability of the liquidated damages provision found in the FDCA (*see e.g.*, ECF Doc. No. 15, at Affirmative Defenses 8, 9, 15, 16, 17, 18, 19), which it also chose not to pursue on the eve of trial. Thus, AK was forced to unnecessarily perform legal research related the enforceability of this provision and prepare pretrial submissions that clearly refute First Standard's Affirmative Defenses on this issue. *See e.g.*, ECF Doc. No. 43, § V.a. First Standard now has the audacity to complain about the fees that COR incurred in connection with such legal services, which could have easily been (and should have been) avoided.

First Standard also took the position that it was justified in breaching the FDCA because of purported concerns that brokers had in connection with transferring to COR. AK was again forced to conduct various discovery tasks to disprove these purported brokers' concerns, address these

issues in its pretrial submissions, and file a motion *in limine* concerning the purported broker statements, which First Standard chose not to oppose. *See* ECF Doc. Nos. 41-42; ECF Doc. No. 43, § VI.a.

*Third*, COR's successful prosecution of this case warrants the recovery of its reasonable fees and expenses. Indeed, "'the most critical factor in a district court's determination of what constitutes reasonable attorneys' fees in a given case 'is the degree of success obtained by the plaintiff." *Severino v. 436 W. L.L.C.*, No. 13-CV-3096 (VSB), 2016 U.S. Dist. LEXIS 195376, at *9 (S.D.N.Y. Oct. 28, 2016) (finding "[p]laintiff's degree of success in quantity [was] sufficient to warrant the grant of fees requested" where he was awarded 86.74% of the amount of liquidated damages sought in the parties' joint pre-trial report) (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008). Here, AK has successfully represented COR in connection with this action to the point that First Standard has conditionally consented to judgment in favor of COR for the entire amount of liquidated damages.

*Fourth*, First Standard misleadingly compares the amount of attorneys that AK used to the amount of attorneys that SH used in representing First Standard. *See* Opposition, at P. 4. First Standard is comparing apples to oranges. As noted, AK has successfully represented COR in its prosecution of this case. On the other hand, it has never been clear whether First Standard was sincerely defending this case and acquitting themselves as litigants and members of the Bar. Indeed, First Standard not only failed to submit any defenses in the parties' Joint Pretrial Order, but it also failed to submit almost every required pretrial submission pursuant to Rule 5. Thus, SH's representation of First Standard is not a suitable measure of how AK should have conducted the prosecution of this case (or any case for that matter).

Moreover, Courts in this district will not reduce requested fees "merely because multiple counsel were employed," and "employing multiple counsel is not unreasonable per se." *See Chambless v. Masters, Mates & Pilots Pension Plan*, No. 80 Civ. No. 4258 (RLC), 1988 U.S. Dist. LEXIS 7486, at *25-26 (S.D.N.Y. July 20, 1988) (citations, quotations, and alterations omitted); *Williamsburg Fair Hous. Comm. v. Ross-Rodney Hous. Corp.*, 599 F. Supp. 509, 518 (S.D.N.Y. 1984) ("Multiple attorneys may be essential for planning strategy, eliciting testimony or evaluating facts or law."). Here, AK used an amount of attorneys that was reasonably necessary to successfully prosecute this case on behalf of COR.

*Fifth*, First Standard incorrectly accuses AK of not honoring its discounted hourly rate to which it agreed with COR. This is simply another example of First Standard's extreme inattention to detail. As set forth in Exhibit B to my Declaration, AK charged the "COR Rate" for legal services performed in connection with this action, and the chart reflects the consistent application of the discounted hourly rates for me and Christian V. Cangiano. *Id.* The Grand Total for "Billed Fees," which were calculated using the "COR Rate," amounts to $377,070.00 – the exact amount of attorney's fees that COR seeks in this application. *Id.*, at P. 11. As set forth in my Declaration, "[Exhibit B] also includes ***customary firm rates for comparative purposes and the fees that would have otherwise been billed had those rates been applied***." *See id*, at ¶ 20 (emphasis added). Thus, the "Firm Rate" is only included to illustrate the financial impact of the discounts; it does not reflect the rate that was charged to COR for AK's services, as First Standard incorrectly contends.

*Sixth*, First Standard's Opposition operates under the erroneous assumption that every task must be completed in a single day, as First Standard complains that AK billed for related tasks on consecutive days. *See e.g.*, Opposition at PP. 3, 4, 5. However, it is entirely reasonable to expect

that certain tasks take more than one day to complete, such as the preparation of detailed pretrial submissions pursuant to Rule 5 or the preparation for depositions. These entries do not reflect duplicative work. Instead, they simply reflect that the respective timekeeper commenced work on a given task on one day, and continued working on that task the following day.

*Seventh*, First Standard also incorrectly asserts that where there are two billing entries on the same day for a similar task, those entries are duplicative. A close reading of these entries shows that they are not duplicative. For example, First Standard identifies two entries on March 15, 2017. *See* Opposition, at P. 3. In one entry, the timekeeper states: "Drafting complaint against First Standard; review document re same." *See* Declaration, at Exhibit B, P. 1. In the other entry, the timekeeper states that, in addition to drafting the complaint, he, *inter alia*, conducted "additional legal research" and had discussions with another attorney.

First Standard complains about same-day entries on June 1, 2018 related to communications between AK and SH. However, First Standard does not dispute that AK and SH had multiple communications that day, and the timekeeper's entries reflect those multiple communications. Similarly, the August 22, 2018 entries concerning communications between AK and COR relate to multiple communications that occurred on that day, and the timekeeper's entries reflect those multiple communications.

First Standard also complains that entries are duplicative where two attorneys bill time for conducting the same task, such as attending the Case Management Conference on August 21, 2018. However, as discussed, COR is entitled to have more than on attorney representing it in this action. See *Hutchinson v. McCabee*, 95 Civ. 5449 (JFK), 2001 U.S. Dist. LEXIS 11927, at *10 (S.D.N.Y. Aug. 15, 2001) ("[P]arties are not barred from receiving compensation for work performed by 'an extra lawyer sent into court to observe and assist.'") (citations and alterations omitted).

*Eighth*, First Standard asserts in conclusory fashion that AK's time entries include "block-billing." However, First Standard fails to identify any entry that illustrates purported block-billing or how such entries make it "difficult for the Court to assess the reasonableness of the billing."

*Ninth*, First Standard incorrectly contends that: "Billing timekeeper SW billed 14.1 hours totaling $4,159.50 for conducting document review of what they allege in their application to be 1,262 documents totaling 11,535 pages, meaning that it took SW more than 13 minutes per page to complete this document review." *See* Opposition, at P. 3. First Standard's calculation is inaccurate, as this amounts to 4.4 seconds per page reviewed (*i.e.*, 50760 seconds / 11,535 pages).

*Tenth*, First Standard cites to no authority to support the conclusory proposition that the $9,544.50 in estimated fees incurred in connection with this fee application are "shockingly inflated." To the contrary, Courts in this District have awarded fees in connection with such applications that equate to 24% of the total attorney time claimed in the respective application. *See* Declaration, at ¶ 18. Moreover, COR is not even seeking the fees associated with preparing this letter or the fees incurred in connection with appearing at the Final Pretrial Conference on January 10, 2018. Accordingly, the fees incurred in connection with this application are reasonable.

Based on the foregoing, the Court should reject First Standard's Opposition and Award COR its reasonable fees in the amount of $377,070.00 and its expenses in the amount of $13,710.43, as well as the fees and expenses incurred in connection with its application, which are estimated to amount to $9,544.50. First Standard chose to put COR to its proof. When COR

ultimately succeeded in calling First Standard's bluff, First Standard capitulated. First Standard must now bear the consequences of that decision.

Respectfully submitted,

ANDERSON KILL PC

By:   /s/ Jeremy E. Deutsch

Jeremy E. Deutsch
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1172
Facsimile: (212) 278-1733
E-mail:   jdeutsch@andersonkill.com

*Attorneys for Plaintiff COR Clearing, LLC*

cc:   Paul A. Lieberman, Esq. (via ECF)

Enclosure

docs-100085809.2